449 F.2d 770
 In the Matter of Ernest F. Kesling and Barbara Kesling, bankrupts.
Ernest KESLING and Barbara Kesling, Appellants,
v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Appellee.
 No. 26502.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 4, 1971.
 
 Jack Rainville (argued), Robert Mezzetti, of Mezzetti & Aguilar, San Jose, Cal., for appellants.
 David B. Flinn (argued), of Cerf, Robinson & Leland, San Francisco, Cal., for appellee.
 Before ELY and CARTER, Circuit Judges, and JAMESON,* District Judge.
 PER CURIAM:
 
 
 1
 This appeal is brought from a district court decision vacating the order of a referee in bankruptcy. Appellants claim error in the court's literal interpretation of a so called "dragnet clause" in a trust deed securing a loan from appellee. The clause provided that the total indebtedness secured included any sums which appellants might owe to appellee bank, whether incurred in the past, at the time of execution of the trust deed, or subsequently.
 
 
 2
 The clause became of consequence with the failure of a company owned by appellants. Prior to the execution of the trust deed, appellants had issued continuing guarantees to appellee, pursuant to a loan to their company. Upon the company's failure, appellants became liable under their guarantees. At issue was whether the indebtedness, arising under the guarantees, was secured by the trust deed. The court below concluded that the indebtedness was included, and thus secured. We concur in that conclusion and affirm.
 
 
 3
 We find no evidence that the parties intended anything other than what the language of the instrument would ordinarily suggest. There was no testimony as to intent and no evidence of pre-contract negotiation to rebut this meaning.
 
 
 4
 This conclusion is fully consistent with Pacific Gas & Electric Co. v. G. W. Thomas Drayage & Rigging Co. (1968), 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641, cited by appellant. That case holds that the test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether the instrument appears unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible. Id. at 37, 69 Cal.Rptr. 561, 442 P.2d 641. Pacific Gas & Electric also stands for the proposition that courts should give effect to the intention of parties to the extent their language is reasonably susceptible of that intention. Id. at 38-39, 69 Cal.Rptr. 561, 442 P.2d 641. The court below did not exclude any evidence; it did not ignore the intention of the parties. It could not since no such evidence was offered. The court was thus correct in giving the language of the clause its ordinary meaning.
 
 
 5
 The judgment is affirmed.
 
 
 
 *
 Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation