476 F.2d 938
 12 UCC Rep.Serv. 350
 In the Matter of IREDALE'S LTD., a copartnership composed of
William E. Iredale and Genevieve M. Iredale, Bankrupt.
In the Matter of William E. IREDALE, Bankrupt.
In the Matter of Genevieve M. IREDALE, Bankrupt.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,
Petitioner-Appellant,
v.
Carl W. VROOMAN, Trustee-Appellee.
 No. 71-1703.
 United States Court of Appeals,
Ninth Circuit.
 March 15, 1973.
 
 Ralph M. Abee (argued), Harris B. Taylor, Los Angeles, Cal., for petitionerappellant.
 Sandor T. Boxer (argued), of Coskey & Coskey, Los Angeles, Cal., for trusteeappellee.
 Before KOELSCH, KILKENNY, and GOODWIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bank of America appeals from a judgment upholding the referee's decision in a bankruptcy contest over the proceeds of the bank's liquidation of certain stock originally owned by the bankrupt, Iredale.
 
 
 2
 Iredale, to secure a loan from the bank, pledged as collateral 547 shares of Sears, Roebuck and Company stock. The collateral pledge agreement contained a "dragnet clause," a common provision in collateral agreements purporting to give a secured lender the right to look to all the debtor's assets in the lender's hands to cover all the debtor's liabilities to the lender, past and future as well as present. After he had concluded the loan transaction by pledging his stock as collateral in this open-ended fashion, the borrower entered into an equipmentlease agreement with the same bank. No new collateral was pledged.
 
 
 3
 Still later, Iredale defaulted on the loan agreement, and the bank sold the stock. From the proceeds of the sale the bank satisfied Iredale's unpaid balance on the loan. The bank then applied the surplus to the amount due, and in arrears, under the equipment lease. The referee decided that this application was unauthorized.
 
 
 4
 The district court sustained the referee's decision that the dragnet clause could not authorize the bank's application, as against other creditors, of the surplus collateral to the equipment lease. This view finds some support in the result of National Acceptance Co. v. Blackford, 408 F.2d 20 (5th Cir. 1969). However, National Acceptance turned in part on statutory considerations not applicable in this case.
 
 
 5
 After the district court had ruled, this court decided Kesling v. Bank of America Nat'l Trust & Sav. Ass'n, 449 F.2d 770 (9th Cir. 1971). Kesling holds that a security agreement is not rendered invalid merely because it creates a lien to secure future indebtedness. In the absence of evidence indicating that the dragnet clause was not intended to mean what it says, or that it contravened some provision of local law, the clause will be enforced.
 
 
 6
 The district court failed to give effect to the expressed intentions of the parties to the agreement, and thereby denied the lender the benefit of its security. The trustee does not argue that the security agreement or the lease was in conflict with California's version of the Uniform Commercial Code, Cal. Commercial Code Sec. 9402. Accordingly, we do not reach questions that could arise if a security agreement is challenged on statutory grounds.
 
 
 7
 Reversed.